MEMORANDUM OPINION
{¶ 1} On October 3, 2007, appellant, Terry D. Rogers, filed a pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), from his judgment of conviction and sentence issued by the trial court on March 17, 2006. That judgment indicates that appellant was convicted of count one, drug trafficking, and count two, having weapons while under disability, and he was sentenced to an aggregate term of two years in prison. *Page 2 
 {¶ 2} Along with his motion for delayed appeal, appellant's pro se notice of appeal was filed almost one and one-half years after the judgment was entered by the trial court.
 {¶ 3} Appellee filed its response in opposition to the motion on October 12, 2007, mainly asserting that appellant has already served his sentence in this case and; therefore, an appeal of appellant's sentence would be moot.
 {¶ 4} Without addressing the merits of appellee's assertion regarding whether the present appeal would be moot, we will instead determine whether appellant has provided the proper reasons to justify the delay in initiating his direct appeal under the guidelines of App.R. 5(A).
 {¶ 5} App.R. 5(A) provides, in relevant part:
 {¶ 6} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 7} "(a) Criminal proceedings;
 {¶ 8} "(b) Delinquency proceedings; and
 {¶ 9} "(c) Serious youthful offender proceedings.
 {¶ 10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals." *Page 3 
 {¶ 11} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) he was not informed by the trial court of his right to appeal; 2) his trial counsel failed to bring it to the attention of the trial court; and 3) trial counsel failed to inform him of his appellate rights.
 {¶ 12} While appellant's reasons might explain a lapse of one year or less in initiating his appeal, his reasons do not justify a one and one-half year delay between the time of appellant's conviction and sentence until the filing of his motion for delayed appeal. We find that appellant was not diligent in taking the proper steps to protect his own rights.
 {¶ 13} Accordingly, it is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.
 {¶ 14} Appeal dismissed.
TIMOTHY P. CANNON, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents. *Page 1